# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| **v.** | **CRIMINAL ACTION NO. 5:09-CR-6-R** |
| **DONNIE ALLEN MORRIS** | **DEFENDANT** |

## MEMORANDUM AND ORDER

Defendant, Donnie Allen Morris, *pro se*, has filed a motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and amendments to the Sentencing Guidelines (DN 34). The United States has filed a response, arguing that no reduction is appropriate because Defendant was sentenced pursuant to statute rather than the Sentencing Guidelines (DN 35). Defendant has replied (DN 36), and the matter is now ripe for disposition.

The posture of this case is as follows. Defendant was indicted on three counts. Counts 1 and 2 charged that he had distributed 50 grams or more of crack cocaine, and Count 3 charged that he had distributed 5 grams or more of crack cocaine. On October 13, 2009, Defendant pleaded guilty pursuant to a plea agreement to the three counts set forth in the indictment. Under the plea agreement, the United States agreed to recommend a sentence of imprisonment within the applicable Guideline Range but not less than any mandatory minimum term of imprisonment required by law. Defendant was sentenced to prison for 120 months as to each count, to run concurrently. Defendant did not appeal.

Defendant's motion states that it is made pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10 and Amendments 706 and 712. He argues that his sentence is greater than necessary under Amendment 706 and caselaw. He also argues that his criminal history was over-represented, which

increased his points to a higher criminal category. He further asserts that he has a history of being a non-violent person, has continued to educate himself while incarcerated, and now has a better understanding of how he has contributed to the ills of society.

The United States's response asserts that no reduction is warranted because Defendant was not sentenced under the Sentencing Guidelines but to the statutory minimum sentence. Defendant's reply asserts that the Court never explained to him under what ratio he was being sentenced and that under *United States v. Booker*, 543 U.S. 222 (2005), the Court may impose either a guideline sentence or a non-guideline sentence.

Section 3582(c) of Title 18 of the U.S. Code provides that the Court may not modify a term of imprisonment once it has been imposed except in limited circumstances. A defendant may move for a reduction in sentence under that statute only based on a lowering of the sentencing range by the Sentencing Commission. § 3582(c)(2).

In U.S.S.G. § 1B1.10, the Sentencing Commission identified the amendments that may be applied retroactively through § 3582(c)(2), and explained the "limited nature" of § 3582 relief. *See United States v. Johnson*, 564 F.3d 419, 422 (6th Cir. 2009). Section 1B1.10 provides:

> (1) In General.-In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.-A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if-
>
> (A) None of the amendments listed in subsection (c) is applicable to the defendant; or

2

> (B) An amendment listed in subsection (c) does not have the effect of
> lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a). The Application Note to this section explains that a retroactive amendment does not have the effect of lowering the defendant's applicable guidelines range where the defendant's original sentence was dictated by a statutory minimum. Section 1B1.10 cmt. n.1A states:

> 1. Application of Subsection (a).
> (A) Eligibility.-Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement *if*: . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., ***a statutory mandatory minimum term of imprisonment***).

(Emphasis added.)

Under § 841(b)(1)(A), the penalty for violations of the statute involving 50 grams or more of crack cocaine is at least 10 years in prison. Because the statutory mandatory minimum remains the same, no reduction under § 3582(c) is warranted. *See Johnson*, 564 F.3d at 423.

With regard to Defendant's argument relating to *Booker*, even if that case were applicable to proceedings under § 3582(c), which the majority of courts have held is not, *see United States v. Blair*, No. 97-81440, 2008 WL 2622962, at **2-3 (E.D. Mich. July 2, 2008) (and cases cited therein), "*Booker* does not apply to statutory mandatory minimum sentences." *United States v. Gonzalez*, 257 F. App'x 932, 947 (6th Cir. 2007).

Accordingly, **IT IS ORDERED** that Defendant's motion for modification of his sentence (DN 34) is **DENIED**.

Date:

cc: Defendant Donnie Allen Morris
United States Attorney
4413.009